FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2008 MAY 19 AM 10: 51
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

BOXER X, a/k/a
STANLEY FARLEY,

   Plaintiff,

vs.               CIVIL ACTION NO.: CV606-039

JIMMY CHAUNCEY; LARRY
MONTGOMERY, and
ROSCOE BELL,

   Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDAITON

Plaintiff, an inmate currently incarcerated at Georgia State Prison ("GSP") in Reidsville, Georgia, filed an action pursuant to 42 U.S.C. § 1983 on March 31, 2006, contesting certain conditions of his confinement. Defendants have filed a Motion to Dismiss, and Plaintiff has filed a Response. For the reasons which follow, Defendants' Motion should be **GRANTED**.

Plaintiff's Complaint stated claims against Defendants Chauncey and Montgomery, alleging the excessive use of force in violation of his Eighth Amendment rights, against Defendant Bell for failure to intervene and protect him during the alleged excessive force, and against all Defendants for allegedly retaliating against him in violation of the First Amendment. Defendants have filed a Motion to Dismiss, wherein they contend that Plaintiff refused to participate in a properly-noticed deposition, and that as such, his case ought to be dismissed for want of prosecution. (Doc. No. 35, pp. 2-4). In his Response, Plaintiff contends that he objected to prison security personnel's

presence during the deposition, and that such persons' attendance is prohibited by the Federal Rules of Civil Procedure. (Doc. No. 39, pp. 3-5).

Defendants allege, and Plaintiff admits, that at a scheduled and properly-noticed deposition at GSP on October 3, 2007, Plaintiff refused to participate because prison security personnel were present. (Doc. No. 35, p. 2; Doc. No. 39, p. 2). Plaintiff verbally objected to the deposition "due to the fact that correction staff is present." (Doc. No. 35-2, p. 8). Plaintiff was informed by prison personnel that security had to be present due to his security classification, but still refused to participate in the deposition. (Id. at 9-10).

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." A dismissal under this rule "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). Additionally, the Local Rules of the Southern District of Georgia provide that the Court may

> on motion of any party, dismiss any action for want of prosecution . . .[for]:
> (a) Failure to permit or provide discovery within the time set forth in an order compelling discovery
> (b) Willful disobedience or neglect of any order of the Court; or
> (c) Any other failure to prosecute a civil action with reasonable promptness.

S.D. Ga. L.R. 41.1.

The appropriateness of a Rule 41(b) involuntary dismissal is left to the trial court's broad discretion. Ramsay v. Bailey, 531 F.2d 706, 707-08 (5th Cir. 1976)[1]. Dismissal is a "sanction of last resort," to be used where there is evidence of more than

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

mere negligence, but instead of "willful delay." McKelvey v. AT&T Tech., Inc., 789 F.2d 1518, 1520 (11th Cir. 1986).

Plaintiff was advised by Order of this Court that he "has the responsibility for pursuing this case," and that "if [he] does not press his case forward, the court may dismiss it for want of prosecution." (Doc. No. 10, pp. 6-7). The Court further ordered that:

> [i]t is the Plaintiff's duty to cooperate fully in any discovery which may be initiated by the Defendants. Upon no less than five (5) days notice of the scheduled deposition date, the Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, <u>including dismissal of this case</u>.

(Id. at 7) (emphasis in original).

Plaintiff's failure to participate in the deposition and his attendant failure to comply with the Court's order requiring his participation constituted sanctionable conduct. Plaintiff has provided no adequate excuse for his behavior, but has instead attempted to manipulate the Federal Rules to support his position. Plaintiff argues that Defendants refused to comply with Rule 30. This rule does not, as Plaintiff asserts, mandate who can be present during the deposition. The other authority cited by Plaintiff, Rule 26(c)(5), likewise does no such thing.

The Court is convinced that dismissal is the only appropriate sanction to impose. "[D]ismissal with prejudice is a "drastic remedy" that only is proper in extreme circumstances when lesser sanctions are not feasible." Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., 711 F.2d 989, 998 (11th Cir. 1983) (citation omitted). Because Plaintiff is proceeding in forma pauperis, there simply is no

AO 72A
(Rev. 8/82)

other available and effective sanction that can be imposed upon him so as to remedy his actions. Plaintiff's recalcitrance and his failure to cooperate with discovery and comply with the Court's very clear Order leave no other avenue but dismissal at this stage.

Accordingly, it is my **RECOMMENDATION** that Defendants' Motion to Dismiss be **GRANTED**. Defendants' Motion for Summary Judgment should be dismissed as moot.

So **REPORTED** and **RECOMMENDED**, this 19th day of May, 2008.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE