IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

2008 JUL -9 PM 5:00

STANLEY FARLEY, a/k/a )
BOXER X, )
 )
    Plaintiff, )
 )
v. ) CASE NO. CV606-39
 )
JIMMY CHAUNCEY, LARRY )
MONTGOMERY, and ROSCOE BELL, )
 )
    Defendants. )
 )

## O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 53), in which Magistrate Judge James E. Graham recommends that Defendants' Motion to Dismiss be granted and that Plaintiff's Complaint be dismissed for failure to cooperate in discovery. For the reasons set forth below, this Court declines to adopt the Report and Recommendation, and Defendants' Motion to Dismiss (Doc. 35) is **DENIED**.

Plaintiff, an inmate currently incarcerated at Valdosta State Prison, filed this action pursuant to 42 U.S.C. § 1983, alleging that he was beaten at Georgia State Prison by the Defendant officers in retaliation for filing a grievance. Defendants initially moved to dismiss the Complaint for failure to exhaust administrative remedies. On August 13, 2007, this Court held that because the prison warden had failed to respond

to Plaintiff's grievance about the incident, Plaintiff had exhausted all available administrative remedies.

Defense counsel arranged to take Plaintiff's deposition on October 3, 2007 in two unrelated cases: this case and Boxer X v. Harris, CV603-147 (S.D. Ga.)(pending before Judge Edenfield).[1]

At the depositions, Plaintiff objected to the presence of two prison officers in the room on grounds that the officers were co-workers of Defendants. He stated on the record that he had been deposed in another case one month earlier and that the security personnel had been excused from the room on that occasion. After a brief recess, a prison supervisor stated that Plaintiff's inmate status required in-room security.[2] (See Boxer X Dep. at 6.) Plaintiff refused to continue without "something in writing" from the warden stating that in-room security was required. After the depositions were aborted, Defendants filed Motions to Dismiss in both cases, arguing the cases should be dismissed as a sanction for Plaintiff's refusal to participate in discovery.

In this case, citing Federal Rule of Civil Procedure 41(b), Magistrate Judge Graham recommended that the case be dismissed. Rule 41(b) provides, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may

---

[1] Attorney Jesse W. Owen of Magruder and Owen, LLP in Augusta, Georgia represents the defendants in both cases.
[2] Plaintiff, however, stated that his security status had been downgraded since the earlier deposition was taken without security personnel present.

move to dismiss the action or any claim against it." Local Rule 41.1 provides that the Court may "dismiss any action for want of prosecution . . . [for] . . . [f]ailure to permit or provide discovery within the time set forth in an order compelling discovery." Judge Graham noted, however, that dismissal is a "sanction of last resort," to be used in extreme circumstances only where there is evidence of "willful delay." McKelvey v. AT & T Tech., Inc., 789 F.2d 1518, 1520 (11th Cir. 1986).

In the case pending before Judge Edenfield, Magistrate Judge Barfield, at the Defendant's request, entered an Order extending the discovery period for one month for the purpose of allowing counsel to re-take Plaintiff's deposition. On May 22, 2008, counsel took Plaintiff's deposition at Valdosta State Prison without incident and without the presence of prison officers in the room. (Boxer X Dep. at 6, Doc. 49, Ex. A, Boxer X v. Harris, CV603-147 (S.D. Ga.).)

Because dismissal is a sanction of last resort, and because Plaintiff was deposed without incident in CV603-147, the Court finds that dismissal is inappropriate as a sanction at this time. Accordingly, the Court **DECLINES TO ADOPT** the Report and Recommendation of the Magistrate Judge (Doc. 53) and **DENIES** Defendants' Motion to Dismiss (Doc. 35).

Instead, discovery shall be **REOPENED** for the limited purpose of allowing Defendants to take Plaintiff's deposition. The new discovery deadline is **August 11, 2008.** The last day for

filing civil motions, including motions for summary judgment, is extended until **September 11, 2008**. Defendants have already filed a Motion for Summary Judgment and are granted leave to supplement their Motion any time prior to the motions deadline.

Plaintiff has a duty to cooperate fully in any discovery initiated by Defendants. <u>Plaintiff shall, upon being given five (5) days notice, appear and permit his deposition to be taken</u>. Failing to answer questions that seek information relevant to the subject matter of the pending action or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, <u>including dismissal of this case</u>.[3] Fed. R. Civ. P. 37(b)(2). Defendants are advised, however, any such sanction will also depend on their good faith efforts to provide amenable conditions for the deposition.

Defendants' Motion for Summary Judgment, and any supplement filed by the motions deadline, is **REFERRED** to Magistrate Judge Graham for consideration.

SO ORDERED this 9th day of July, 2008.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[3] The Federal Rules provide that "[a]n objection at the time of the examination — whether to . . . the manner of taking the deposition, or to any other aspect of the deposition — must be noted on the record, <u>but the examination still proceeds</u> . . . ." Fed. R. Civ. P. 30(c)(2)(emphasis added).